UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
___Eastern___ DIVISION

___Rochelle M. Martin___
(Name of the plaintiff or plaintiffs)

v.

___JPMorgan Chase & Co.___
(Name of the defendant or defendants)

CIVIL ACTION

08CV4493
JUDGE ZAGEL
MAGISTRATE JUDGE BROWN

COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is ___Rochelle M. Martin___ of the county of ___Cook___ in the state of ___Illinois___.
3. The defendant is ___JPMorgan Chase & Co___, who resides at (street address) ___Attn: Linda Brinker - Employee Relations  131 South Dearborn, ste IL1-0009___
(city) ___Chicago___ (county) ___Cook___ (state) ___IL___ (ZIP) ___60603___
(Defendant's telephone number) ___(312)-325-3550___

FILED
AUG 0 8 2008 TC
8-8-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

(Guide to Civil Cases for Litigants Without Lawyers: Page 43)

4) The plaintiff sought employment or was employed by the defendant at

(street address) 10 South Dearborn Ste IL-0104

(city) Chicago (county) Cook (state) IL (ZIP code) 60603

5. The plaintiff [check one box]

(a) ☐ was denied employment by the defendant.

(b) ☑ was hired and is still employed by the defendant.

(c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month) January , (day) 10 , (year) 2007 .

7. (a) The plaintiff [check one box]　☐ has not filed a charge or charges against the defendant
　　　　　　　　　　　　　　　　　　 ☑ has

asserting the acts of discrimination indicated in this complaint with any of the following　government agencies:

(i) ☑ the United States Equal Employment Opportunity Commission on or about
(month) March (day) 19 (year) 2007 .

(ii) ☑ the Illinois Department of Human Rights on or about
(month) January (day) 14 (year) 2008 .

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ YES ☐ NO

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

8. (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

(b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) MAY (day) 16 (year) 2008 a copy of which *Notice* is attached to this complaint.

(Guide to Civil Cases for Litigants Without Lawyers: Page 44)

9. The defendant discriminated against the plaintiff because of the plaintiff's [check all that apply]

  (a) ☐ Age (Age Discrimination Employment Act).

  (b) ☒ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

  (c) ☐ Disability (Americans with Disabilities Act)

  (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

  (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

  (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

  (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. The plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

    ☐ YES   ☒ NO

11. Jurisdiction over the statutory violation alleged is conferred as follows: over Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); over 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; over the A.D.E.A. by 42 U.S.C.§12117.

12. The defendant [check all that apply]

  (a) ☐ failed to hire the plaintiff.

  (b) ☐ terminated the plaintiff's employment.

  (c) ☒ failed to promote the plaintiff.

  (d) ☐ failed to reasonably accommodate the plaintiff's religion.

  (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

  (f) ☐ other (specify): _____

_____

_____

_____

_____

_____

(Guide to Civil Cases for Litigants Without Lawyers: Page 45)

13. The facts supporting the plaintiff's claim of discrimination are as follows:

    I applied for a position which would have been a promotion within JPMorganChase & Co. that I was the most qualified for. I exceeded the job qualifications, and base on my experiences with JPMorgan Chase & Co., I know that I was not promoted because of my race. The position was given to a white colleague with less experience, who did not meet the job qualifications. Please see attached →

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury.  ☑ YES  ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check all that apply]

    (a) ☐ Direct the defendant to hire the plaintiff.

    (b) ☐ Direct the defendant to re-employ the plaintiff.

    (c) ☐ Direct the defendant to promote the plaintiff.

    (d) ☐ Find that the defendant failed to reasonably accommodate the plaintiff's religion.

    (e) ☐ Find that the defendant failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ Direct the defendant to (specify):_____

    _____
    _____
    _____
    _____
    _____
    _____

    (g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(Guide to Civil Cases for Litigants Without Lawyers: Page 46)

(h) ☐   Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)   *RM-Martin*

(Plaintiff's name)   Rochelle M. Martin

(Plaintiff's street address)   333 S. East Avenue, (unit 207)

(City) Oak Park   (State) IL   (ZIP) 60302

(Plaintiff's telephone number) (312) – 208-8370

JPMorgan Mislead and Discrimination Case 2007

On the morning of January 10th, 2007, I received a phone all from Melissa Hatfield the Executive Recruiter for JPMorgan's Private Client Services, informing me of a Trust Advisor 1 position that she was going to post on the company's job website. Melissa felt that I would be a perfect candidate for the position and advised me to apply for the job. Later that afternoon, I saw the job posted, so I submitted a job bid. The Trust Advisor 1 position was in Kim Larson's Group. After posting for the position, two weeks later, I received a phone call from Jan Olsen, Kim Larson's assistant, informing me that Kim wanted to get together for an interview. The interview was scheduled for January 25th at 2:30 P.M. On the afternoon of January 25th I meet with Kim Larson and the interview went well. Kim Larson was very please with my work history, my skills, and with the way that I responded to all of his questions.

The following day, I received another call from Jan Olsen informing me that Kim wanted me to interview with Lynn Lavender, a Senior Client Advisor at 9:00 A.M. and Cynthia Bozik, a Senior Trust Advisor at 10:00 A.M. on January 29th I interviewed with Lynn, and she was also impressed with my work history, skills and the way that responded to her questions, the interview went so well that we almost ran over the time limit. I had to rush off to 120 S. LaSalle to interview with Cynthia. I interviewed with Cynthia at 10:00 A.M., and the interview ended with Cynthia saying that she had learned some new things about trust that she didn't know pertaining to the account scenarios that she presented to me as part of the interviewing process; she was also very impressed with me. Knowing that all of the interviews had gone so well, I had a good feeling about this position. Later that same day, I received another call from Jan informing me that Kim would like me to interview with one last person, Thayer Herte the Fiduciary Managing Director. The interview was set up for the following Friday on February 2nd at 10:00 A.M.

On the morning of January 30th, I received another call from Jan, stating that Kim wanted to meet with me at 10:00 A.M. that morning. During the meeting, I was informed that another person had been selected for the position. I was told that everyone said that my interviews had gone very well and my qualifications were great, but they decided to go with someone else, and that was the end of my meeting with Kim.

At this point, I became very confused because I still had a pending interview with Thayer. After I learned about this sudden decision, I immediately requested a meeting with my manager Justine Garza. We got together for a brief meeting, and I informed her that I had not been selected for the position, and she was surprised. I went back to work, and several hours later Gary Cueno the Trust Advisor that I support requested a lunch meeting to talk about my future with the company. Gary was also surprised by the news that someone else had been selected for the position. Throughout my career, Gary and Justine have been very supportive, so they both offered some suggestions for the next time I interviewed.

On the morning of February 9th, I was called into a meeting by Thayer, she informed me that my skills couldn't be assessed which was the reason for me not being selected for the position. I have been with the company for 17 years and with Private Client Services for almost 7 of those years. I have the support of my managers, the support of the trust advisor who I work with and all of my co-workers, as well as continuous praise from upper management, and clients. I have annual performance reviews that always exceeded expectation. Monthly performance meetings with my manager to evaluate my performance, which have always shown my work to be exceptional, and yet I'm told that my skills can not be assessed!

One week later on the afternoon of February 16th, I found out that Joanna C. Garfield, a recently hired white Trust Associate, who's not a senior associate, with no prior trust or sales experience, who didn't meet any of the requested job qualifications, and someone I recently helped train had been selected for the position. Joanne C. Garfield is also a white employee who has been granted privileged treatment since she joined Private Client Services. As an associate, she was allowed to attend additional training outside the bank. She was allowed to travel on client visits, as well as attend other functions that were not made available to black associates. She was also allowed to attend more than one trust school a year, when I was told that I could only attend one per year prior to now. Attending more than one trust school per year would allow her to obtain a C.T.F.A. License, which would make her more favorable for a Trust Advisor position. At this point, it became very clear to me that I'm the victim of racial discrimination.

I joined the Private Client Services Department on June 12, 2000, as a First Line Officer, Trust Associate, and then I became a First Line Officer, Senior Trust Associate. I join PCS as the only Trust Associate that was an Officer, holding a Series 6, Series 63 investment license, a Life & Health Insurance license, with a 10 year multiple banking background, which included banking, investments, management, extensive sales and now trust as shown on my resume. Knowing that I'm among the top paid associates in Private Clients Services, I have always performed at an exceptional level. I have always exceeding the company's expectation as indicated in all of my annual reviews. Every year, I have received a salary increase along with a bonus for my performance. I have worked in a professional manner at all time, while consistently being a team player. I have gone above and beyond my duties as a First Line Officer, Senior Trust Associate. I'm a much respected member on one of the best teams in Private Client Services. I work with a Trust Advisor who has one of the largest and most complicated books of business within the company, and together we have met our goals every year since we have been a team. I have attended meetings, listened to trust calls, and participated in all training. Since joining Private Client Services, I have done everything that has been asked of me in order to advance in my career. To be treated in this manner is cruel, unfair, misleading and discriminatory. I know that I am the most qualified candidate for the position, and this made me realize that I'm the victim of misleading and discriminatory practices at JPMorgan & Chase Co.

Attached you will find the following evidence to support my claim:

**Exhibit 1:** The original job bid for the position for the Trust Advisor 1 position, which states the qualifications. **Exhibit 2:** Interview schedule. **Exhibit 3:** My resume. **Exhibit 4:** My last **seven** years of annual reviews, indicating that I'm ready to be a Trust Advisor, and the continuous misleading of getting my own book. **Exhibit 5:** Proof that I have already been performing at a Trust Advisor level for some time now. **Exhibit 6:** List of praises from management, and clients, colleague regarding my work. **Exhibit 7:** Proof of my training Joanne Garfield. **Exhibit 8:** List of Trust Advisors who are not attorneys. **Exhibit 9:** List of peers who can vouch for my work performance. **Exhibit 10:** List of whites who have been promoted with less qualification & whites who have been given special treatment. **Exhibit 11:** List of blacks who have been discriminated against.

Rochelle M. Martin

*[signature]*

EEOC Form 161-9 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Rochelle M. Martin<br>P.O. Box 4102<br>Oak Park, IL 60303 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7000 1670 0012 6742 7301

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-03816 | Jose Romo,<br>Investigator | (312) 353-8175 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  5-15-08
John P. Rowe,                    (Date Mailed)
District Director

Enclosures(s)

cc: **JP MORGAN CHASE**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 440-2007-03816 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Rochelle M. Martin | (708) 383-6762 | 04-03-1965 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 4102 | Oak Park, IL 60303 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| JP MORGAN CHASE | 500 or More | (800) 468-7547 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10 S. Dearborn | Chicago, IL 60670 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-30-2007   Latest: 01-30-2007
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on February 21, 1989. My current position title is Senior Trust Associate. On January 10, 2007, I submitted an application for the position of Trust Advisor I- Private Client Services, a position for which I am qualified. On January 30, 2007, I was notified that I was not selected for the position. On or about February 16, 2007, I learned that a less qualified, non-Black employee was selected for the position.

I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
MAR 19 2007
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Mar 19, 2007
Date

*Charging Party Signature*



ILLINOIS DEPARTMENT OF
# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

December 31, 2007

Rochelle M. Martin
P. O. Box 4102
Oak Park, IL 60303

Re:  **Rochelle M. Martin vs. JP Morgan Chase**
     Control No.: **080925023**

Dear Complainant:

The United States Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (Department) are parties to a cooperative agreement. Under this agreement, when you filed your charge of discrimination with the EEOC it was automatically filed with the Department. The Department is keeping a copy of your EEOC charge on file to preserve jurisdiction under Illinois law.

This letter is to inform you that you may proceed with your charge at the Department. **This does not affect the processing of your charge at EEOC.** If you wish to proceed with the Department, you must notify the Department in writing of your decision, either by mail or in person, within 35 days of receipt of this letter.

By Mail:   Your written decision should be sent via U.S. Postal certified mail, return receipt requested, to: IL Department of Human Rights, Attn: EEOC Referred Charges/Intake Unit, 100 W. Randolph St., Ste. 10-100, Chicago, IL 60601.

In Person: You must bring an original and one copy of your written decision. The Department will stamp the copies and one will be returned to you for your records.

You should also provide to the Department (Attn: EEOC Referred Charges/Intake Unit) a copy of the EEOC Determination and Findings as soon as you receive them from the EEOC. When the Department receives your documents, you will be mailed a letter containing additional information about your case.

Your failure to timely notify the Department of your decision will result in the Department closing your file. If you do not wish to proceed with the Department, you do not need to take any further action.

As stated above, this letter does not affect the processing of your charge at the EEOC, and does not apply to any settlement of this charge the parties have made with the EEOC. **If you have any questions regarding this process, please contact Thomas F. Roeser, Pre-Investigations Coordinator, at (312) 814-6295. Please do not contact the EEOC.**

It is not necessary that Respondent take any action at this time.

THE DEPARTMENT OF HUMAN RIGHTS

CC:  **Director of Human Resources
     J P Morgan Chase
     10 S. Dearborn Street
     Chicago, IL 60670**

Rev. 10/07

# IDHR Notice to Parties

### The Cooper v. Salazar injunction

The Illinois Department of Human Rights ("Department") is under a federal-court injunction that, among other things, orders the Department:

> "to cease permanently from relying on credibility determinations made without affording the rights of confrontation and cross-examination".

See, Cooper v. Salazar, #98 C 2930, U.S. District Court for the Northern District of Illinois, Order dated November 1, 2001, at p. 26, ¶1.

### Meaning of the Cooper Injunction

The Department cannot assess the credibility of Complainant's testimony, the testimony of Complainant's witnesses or the testimony of Respondent's representatives or the witnesses of Respondent where there is conflicting testimony. In other words, if the determination of substantial evidence turns on issues of credibility, the Department should make a finding of substantial evidence so that a trier of fact may resolve those issues of credibility. This means that if a determination of lack of substantial evidence requires the Department to make a finding of fact as to conflicting evidence, the Department will make a finding of substantial evidence so that credibility may be resolved by the Human Rights Commission at a Public Hearing.

The Illinois Human Rights Act defines "substantial evidence" as:

> "evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance". Illinois Human Rights Act §7A-102(D)(2), codified at 775 ILCS 5/7A-102(D)(2).

### The meaning of credibility

The Illinois Department of Human Rights is an investigatory agency. The Department's purpose is to gather all of the evidence from each of the parties as to whether Respondent may or may not have discriminated against the Complainant within the meaning of the Illinois Human Rights Act. The Department's purpose is to review all of the evidence and make a determination based upon the law as to whether there is sufficient evidence of discrimination to file a complaint against the Respondent with the Illinois Human Rights Commission. The Department will not make a finding that

IDHR Notice to Parties
Page 2

evidence submitted by a party is either believable or not believable. Thus, the Department will not base its findings on the fact that one of the parties is not telling the truth or that one party's evidence is not believable. If the resolution of the charge of discrimination requires believing the evidence of one party over another party, the Department will make a finding of Substantial Evidence and refer the matter to the Illinois Human Rights Commission so that a trier of fact may resolve the case.

**Conflicting evidence exists when there are:**

1) Statements of a person with material first hand knowledge contradicted by statements of a different person with material first hand knowledge.

2) Business records contradicted by oral statements of a person with material first hand knowledge.

3) Business records of one person contradicted by business records of another person.

January 14, 2008

Rochelle M. Martin
P.O. Box 4102
Oak Park, IL. 60303

Re: Rochelle M. Martin vs. JPMorgan Chase
Control No.: 080925023

Dear Illinois Department of Human Rights:

This letter is to inform the Department of Human Rights that I would like to proceed with my charge at the Department. And I understand that proceeding will not affect my charge at EEOC.


Rochelle M. Martin

*[signature]*